# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLIFFORD J. SCHUETT,

    Plaintiff,

v.

WARDEN COLLINS et al.,

    Defendants.

Case No. 2:14-cv-1645-JAD-CWH

**Screening Order**

Plaintiff, who is an inmate in the custody of the Nevada Southern Detention Center ("NSDC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, a motion to be heard, a motion for writ of habeas corpus, motions to compel, a petition for writ of habeas corpus, motions for protective order, a motion for new information, a motion to stop his move to an Arizona facility, a motion for a hearing, a motion for a court order, a motion for new injuries, and a motion for an order allowing plaintiff to practice his religion. (Doc. 1, 3, 4, 5, 6, 7, 8, 9, 11, 14, 17, 18, 20, 21, 22).

**I.**　　*IN FORMA PAUPERIS* **APPLICATION**

Turning first to Plaintiff's application to proceed *in forma pauperis,* (Doc. 3): based on the information regarding plaintiff's financial status, the court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915.

Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available. Because I grant the motion to proceed *informa pauperis* I now screen plaintiff's complaint as required by 28 U.S.C. § 1915A(a).

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. PROC. 12(b)(6).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff must provide more than mere

1 labels and conclusions, and a formulaic recitation of the elements of a cause of action is
2 insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v.*
3 *Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant like Mr. Schuett are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.     SCREENING OF COMPLAINT

Plaintiff sues multiple defendants for events that took place during his incarceration at the Nevada Southern Detention Center ("NSDC"), a Corrections Corporation of America ("CCA") facility, in Pahrump, Nevada.[1] (Doc. 1-1 at 1). Plaintiff sues Defendants Warden Collins, Case Manager Supervisor Delaney, and U.S. Marshal Steven Carpenter. (*Id.* at 2). Plaintiff alleges one count and seeks $10,000,000 in monetary damages. (*Id.* at 4, 7).

The complaint alleges the following: Plaintiff is a paraplegic who is paralyzed from the waist down and is confined to a wheelchair. (*Id.* at 4). On August 28, 2014, Plaintiff was moved from the G-4 dormitory to a cell in the BB-unit because Plaintiff had injured himself

---

[1] NSDC contracts with the U.S. Marshal's service for federal pretrial detention. *See* CCA at http://www.cca.com/facilities/nevada-southern-detention-center (last visited on December 15, 2014); *see also* U.S. Marshals Service at http://www.usmarshals.gov/prisoner/index.html (last visited on December 15, 2014).

three times in the G-4 dormitory. (*Id.*). On September 18, 2014, Collins and Delaney ordered plaintiff to move to the F-3 dormitory. (*Id.*).

On September 20, 2014, Plaintiff could not use the one handicapped toilet in the dormitory because the toilet was plugged up. (*Id.*). Plaintiff had to use the non-handicapped toilet. (*Id.*). While attempting to transfer himself from the wheelchair to the toilet, plaintiff fell on the floor and injured his lower spine and left arm. (*Id.*). That toilet had no safety rails. (*Id.*).

On September 23, 2014, plaintiff fell in the shower of the F-3 dormitory. (*Id.*). Plaintiff's left arm could not hold plaintiff's weight when Plaintiff was attempting to transfer himself to the shower seat. (*Id.*). Plaintiff fell and damaged his left leg. (*Id.*). On that same day, Delaney told plaintiff that Collins had ordered plaintiff's move to the dormitory. (*Id.* at 5). Both Collins and Delaney knew that plaintiff had been previously injured in the G-4 dormitory. (*Id.*). Collins and Delaney told plaintiff that he had to be housed in the dormitory or he would have to go to the hole. (*Id.*). When plaintiff spoke to Carpenter, the U.S. Marshal liaison, about being housed in a dangerous dormitory, Carpenter told plaintiff that he was out of luck and that he was following Collins and Delaney's housing orders. (*Id.*). Plaintiff alleges Eighth Amendment violations. (*Id.* at 4).

The Court interprets plaintiff's allegations as Eighth Amendment damages claims for failure to protect. As an initial matter, the court construes the complaint as seeking relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

**A.     Claims against Defendants Collins and Delaney**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which

he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832.

To establish violations of these duties, the prisoner must plead facts demonstrating that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

The Supreme Court has held that a prisoner cannot bring a *Bivens* action against an employee of a private entity for damages for alleged Eighth Amendment violations. *Minneci v. Pollard*, __ U.S. __, 132 S.Ct. 617, 626 (2012). In *Minneci*, the Supreme Court held that:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . , the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.*

The court finds that plaintiff fails to state an Eighth Amendment claim for failure to protect. Under Supreme Court law, plaintiff may not sue Collins and Delaney for monetary damages for this Eighth Amendment claim. If plaintiff wants to pursue monetary damages against Collins and Delaney, plaintiff must file a state tort law claim. This claim is dismissed with prejudice, as amendment would be futile, against defendants Collins and Delaney.

### B. Claims against Defendant Carpenter

The court also finds that plaintiff has failed to state an Eighth Amendment claim for failure to protect against defendant Carpenter. Plaintiff alleges he informed Carpenter of his "dangerous" living situation after plaintiff had been moved to the dormitory and had already injured himself. Thus, Carpenter did not know of this alleged risk to plaintiff at the time and did not disregard plaintiff's safety prior to him allegedly sustaining injuries. This claim is dismissed against defendant Carpenter with prejudice, as amendment would be futile.

## IV. MOTIONS FOR PROTECTIVE ORDERS (INJUNCTIVE RELIEF)

Plaintiff has filed eleven motions seeking various forms of injunctive relief from this court. (Doc. 4, 6, 7, 9, 11, 14, 17, 18, 20, 21, 22). Plaintiff does not request injunctive relief in his complaint, but he appears to be seeking this equitable remedy in his subsequently filed motions.

Although the Supreme Court has limited an inmate's ability to bring a *Bivens* damages action against a private entity under contract with the federal government and its employees, the Supreme Court has acknowledged an inmate's ability to bring a suit in federal court for injunctive relief against the federally contracted private entity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (holding that inmates have full access to remedial mechanisms established by the federal agency, including suits in federal court for injunctive relief). Plaintiff has not sued CCA in this action. Accordingly, the court denies plaintiff's eleven motions for injunctive relief without prejudice. Without prejudging the success of such a claim or future injunctive-relief motion, the court also gives plaintiff leave to file an amended complaint by January 16, 2015, that (1) seeks injunctive relief rather than monetary damages and (2) incorporates the allegations in the motions for injunctive relief into the amended complaint. The court directs plaintiff to specify in the amended complaint precisely what type of injunctive relief he seeks. This relief may include accommodations for plaintiff's disability.

If plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be

complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, plaintiff must file the amended complaint on this court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The court further directs plaintiff to file no more than one motion for a temporary restraining order or a motion for preliminary injunction that incorporates the allegations in plaintiff's motions and specifies all of the relief sought in this one document. For plaintiff's reference, the standard for granting injunctive relief is the following:

> Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## V. HABEAS CORPUS MOTIONS

Plaintiff has filed documents entitled "motion for writ of habeas corpus" and "petition for writ of habeas corpus." (Doc. 5, 8). The court denies these motions (Doc. 5, 8) without prejudice. If Mr. Schuett wishes to seek habeas corpus relief, he should file his petition for writ of habeas corpus in a new action.

## VI. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Doc. 3) without having to prepay the full filing fee is granted. The Clerk of Court SHALL FILE the complaint. (Doc. 1-1). Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee still must be paid, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Southern Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Clifford J. Schuett, #01930-046** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Southern Detention Center, 2190 East Mesquite Avenue, Pahrump, Nevada 89060.

**IT IS FURTHER ORDERED** that, even if this action is dismissed or otherwise unsuccessful, plaintiff will still be responsible for paying the full filing fee, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the complaint is dismissed in its entirety for failure to state a claim. However, plaintiff is granted leave to file an amended complaint that seeks injunctive relief by January 16, 2015.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (Doc. 1-1). If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint by January 16, 2015, this action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motions for protective orders (Doc. 4, 6, 7, 9, 11, 14, 17, 18, 20, 21, 22) are denied without prejudice.  If plaintiff files an amended complaint, plaintiff may also file one motion for injunctive relief that incorporates the allegations in these motions and specifies the injunctive relief sought.  Plaintiff shall file this motion for injunctive relief by January 16, 2015.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff a copy of his motions for protective orders (Doc. 4, 6, 7, 9, 11, 14, 17, 18, 20, 21, 22).

**IT IS FURTHER ORDERED** that the motion for writ of habeas corpus (Doc. 5) and the petition for writ of habeas corpus (Doc. 8) are dismissed without prejudice.  Plaintiff may file a petition for writ of habeas corpus and an *in forma pauperis* application in a new action, but he may not file further habeas corpus documents in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

DATED this 17th day of December, 2014.

_____
Jennifer Dorsey
United States District Judge