UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLIFFORD J. SCHUETT,

    Plaintiff,

v.

WARDEN COLLINS et al.,

    Defendants.

2:14-cv-1645-JAD-CWH

**ORDER OF DISMISSAL**

    On December 17, 2014, this Court entered a screening order dismissing plaintiff's complaint in its entirety for failure to state a claim. (Doc. 24 at 8). The Court gave plaintiff until January 16, 2015, to file an amended complaint seeking injunctive relief. (*Id.*). The Court also denied plaintiff's eleven motions for protective orders without prejudice and directed him to file one motion for injunctive relief that incorporates those allegations and identifies the specific relief sought. (*Id.* at 9). The Court also dismissed his petitions for writ of habeas corpus without prejudice and directed him to file his petitions for writ of habeas corpus in a new action. (*Id.*). The Court cautioned plaintiff that if he did not file an amended complaint by January 16, 2015, the Court would dismiss the case with prejudice. (*Id.*).

    On December 23, 2014, Plaintiff appealed this Court's screening order. (Doc. 27). On March 25, 2015, the Ninth Circuit held that "the questions raised in [Plaintiff's] appeal [were] so insubstantial as not to require further argument" and then summarily affirmed this Court's denial of preliminary injunctive relief. (Doc. 37 at 1).

    On March 27, 2015, this Court gave Plaintiff until April 27, 2015, to file his amended complaint seeking injunctive relief as previously ordered. (Doc. 38 at 2). The Court cautioned plaintiff that if he failed file an amended complaint by April 27, 2015, the Court would dismiss this case with prejudice. (*Id.*). Plaintiff has not filed an amended complaint or otherwise responded to this Court's order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that

power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The third factor—risk of prejudice to defendants—also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring plaintiff to file an amended complaint within 30 days expressly stated: "If he fails to file an amended complaint by April 27, 2015, this action will be dismissed with prejudice." (Doc. 38 at 2-3). Thus, plaintiff had adequate warning that dismissal would result from

his noncompliance with the Court's order to file an amended complaint by the stated deadline.

It is therefore ORDERED that this action is **dismissed with prejudice** based on Plaintiff's failure to file an amended complaint in compliance with this Court's March 27, 2015, order.

The Clerk of Court shall enter judgment accordingly and close this case.

DATED this 29th day of April, 2015.

_____
Jennifer Dorsey
United States District Judge

3